IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JON LIEBETRAU and,             :
LISA  LIEBETRAU,               :
                               :
        Plaintiffs             :
                               :
          v.                   :
                               :       JURY TRIAL DEMANDED
                               :
WILKES UNIVERSITY,             :
DR. GREG CANT,                 :
DR. DAVID WARD,  and           :
DR. PAUL RIGGS                 :
                               :
                               :       No.
                               :
        Defendants             :

## C O M P L A I N T

### I.    JURISDICTION

1.    This action is authorized, initiated, founded upon, and arises under the

provisions of federal law, particularly the Americans with Disabilities Act (ADA) , 42 U.S.C. §

12101 *et seq,* as well as its jurisdiction over pendent state claims, particularly the

Pennsylvania Human Relations Act (PHRA), 43 P.S. §§ 955 (a) and (e). Declaratory relief is

sought under 28 U.S.C. §§ 2201 and 2202.

2.    The jurisdiction of this Court is invoked pursuant to the provisions of 28 U.S.C.

§§1331 and 1343, as well as its jurisdiction over pendent state claims.

3.     The amount in controversy in this matter exceeds seventy five thousand dollars ($75,000.00).

4.     The violations of the Plaintiffs' rights as alleged herein were committed within the Middle District of Pennsylvania.

## II.     PARTIES

5.   Plaintiff Jon Liebetrau is an adult individual who resides at 239 Butler Street, Kingston, Luzerne County, PA 18704 and, at all times material hereto, has been employed by Wilkes University as an Associate Professor and Chair of the Division of Performing Arts of Wilkes University.

6.   Plaintiff Lisa Liebetrau is an adult individual who resides at 239 Butler Street, Kingston, Luzerne County, PA 18704 and, at all times material hereto, has been employed by Wilkes University as an Adjunct Professor in the Division of Performing Arts of Wilkes University.

7.   Plaintiffs are married to each other and are the parents of Max Liebetrau.

8.   Defendant Wilkes University is an educational institution and a domestic nonprofit corporation incorporated in the Commonwealth of Pennsylvania, with a registered office located at 170 South Franklin Street, Wilkes-Barre, PA 18766 and its principal place of business located at 84 West South Street, Wilkes-Barre, PA 18766.

9.   Defendant Dr. Greg Cant is an adult individual who, at all times material hereto,

has been the President of Defendant Wilkes University, and whose business address is 84 West South Street, Wilkes-Barre, PA 18766.

10. Defendant Dr. David Ward is an adult individual who, at all times material hereto, has been the Provost and Senior Vice President for Academic Affairs for Defendant Wilkes University, and whose business address is 84 West South Street, Wilkes-Barre, PA 18766.

11. Defendant Dr. Paul Riggs is an adult individual who, at all times material hereto, has been the Dean of the College of Arts and Sciences for Defendant Wilkes University, and whose business address is 84 West South Street, Wilkes-Barre, PA 18766.

12. At all times material hereto Defendant Wilkes University was, and is, engaged in an industry affecting interstate commerce and employed more than five hundred persons.

## III.    ADMINISTRATIVE PREREQUISITES

13. Plaintiffs timely filed a complaint against the Defendants with the PHRC, dual filed with the EEOC alleging associational age discrimination on October 4, 2023.

## IV.    RIGHT OF EQUITABLE RELIEF

14.    Plaintiffs have no plain, adequate or complete remedy at law to redress the wrongs herein alleged, and this suit for declaratory and injunctive relief is Plaintiffs' only means of securing adequate relief.

## V.    JURY TRIAL DEMANDED

16.    Plaintiff demands trial by jury on this Complaint.

## VI.    FACTUAL ALLEGATIONS

17.    At all times material hereto, Plaintiff Jon Liebetrau was qualified for his position as an Associate Professor and Chair of the Division of Performing Arts of Wilkes University.

18.    At all times material hereto, Plaintiff Lisa Liebetrau was qualified for her position as  an Adjunct Professor in the Division of Performing Arts of Wilkes University.

19.    Max Liebetrau is an adult individual who had been a full time student at Wilkes University until the winter term of 2023.

20.    Max Liebetrau has psychological impairments, diagnosed as schizoaffective disorder, bipolar type with paranoid thoughts psychosis, attention deficit disorder (ADD), attention deficit hyperactivity disorder (ADHD) inattentive type, depression, and dysthymia, which have substantially limited his major life activities of working, social interactions, neurological functioning, concentrating, thinking and sleeping.

21.    At all times material hereto, Max Liebetrau was an individual with a disability.

22.    At all times material hereto, Defendants were aware that Max Liebetrau was the adult child of Plaintiffs.

23.    Beginning at least the fall semester of 2022, Defendant Wilkes University was aware of Max Liebetrau's mental illness and disability.

24.    Beginning at least in March 2023, Defendants Cant, Ward and Riggs were aware of Max Liebetrau's mental illness and disability.

25.     It is alleged by others that on or about March 30, 2023, Max Liebetrau engaged in threatening speech directed about a student of Wilkes University, which such alleged threatening speech, if it occurred, was the result of Max Liebetrau's mental disability.

26.     Beginning on or about March 31, 2023, the Wilkes University Police Department pursued criminal charges against Max Liebetrau.

27.     Plaintiff Lisa Liebetrau was informed on March 31, 2023 by Gretchen Yeninas, a counselor employed by Defendant Wilkes University, that Defendant Wilkes University intended to file a petition for involuntary treatment of Max Liebetrau on account of his mental disability, pursuant to Section 302 of the Pennsylvania Mental Health Procedures Act (50 Pa. Stat. Ann. § 7301).

28.     Plaintiffs sought to obtain voluntary mental health treatment for their son, Max, pursuant to Section 201 of the Pennsylvania Mental Health Procedures Act (50 Pa. Stat. Ann. § 7201), in the course of which, on April 13, 2023, Max Liebetrau eloped from Geisinger Wyoming Valley Medical Center, where he was awaiting mental health treatment.

29.     Thereafter, on April 13, 2023, Plaintiffs obtained an order for involuntary mental health treatment for their son, Max, pursuant to Section 302 of the Pennsylvania Mental Health Procedures Act (50 Pa. Stat. Ann. § 7302), and delivered the order to the Wilkes University Police Department that evening, April 13, 2023.

30.    Plaintiffs performed no act in assistance with either the alleged threatening speech by Max Liebetrau on or about March 30, 2023, nor with respect to his elopement on April 13, 2023, nor with respect to his avoidance of apprehension thereafter.

31.    Plaintiffs had no knowledge of the alleged threatening speech by Max Liebetrau prior to or on March 30, 2033.

32.    At all times from April 13, 2023 until Max Liebetrau's surrender to the appropriate law enforcement authorities on April 23, 2033, Plaintiffs fully cooperated with the appropriate law enforcement authorities, and, indeed, facilitated the surrender of Max Liebetrau.

33.    On April 13, 2023, by direction of Defendants Cant, Ward and Riggs, uniformed and armed officers of the Wilkes University Police Department removed Plaintiff Lisa Liebetrau from the Dorothy Dickson Darte Center, where, as the costume designer, she was present at the rehearsals for the student production of *Lord of the Flies*, and  which removal was done in the presence of Plaintiff's students and colleagues.

34.    On April 14, 2023, by actions decided and taken collaboratively by them, Defendants Cant, Ward and Riggs  decided and acted in their capacities as authorized agents of Defendant Wilkes University, and barred Plaintiffs from being present on the campus of Wilkes University, barred Plaintiffs from speaking with students of Wilkes University, and were required to cancel the classes they were teaching.

35.     On April 14, 2023, Defendant Dean Riggs instructed Plaintiff Jon Liebetrau to leave the campus and go home, from which point Plaintiff Jon Liebetrau was removed from official Wilkes University Performing Arts communications and was denied his right to perform his duties as Chair of the Division of Performing Arts of Wilkes University.

36.     On April 16, 2023, Defendant Dean Riggs removed Plaintiff Lisa Liebetrau from her duties with regard to the Costume Shop of the Division of Performing Arts at the Dorothy Dickson Darte Center of Wilkes University, instructed her to forbear from her teaching responsibilities at the University, replaced her as the designer for the production of *Lord of the Flies,* replaced her from continuing to teach her Stage Makeup class,  and barred her from the campus of Wilkes University.

37.     The actions decided and taken by Defendants against Plaintiffs on April 13, 2023, and thereafter, were intentional and on account of the known disability of Max Liebetrau, who was known to have a familial relationship with Plaintiffs.

38..     Plaintiffs had performed no act, nor made any omission, which would have justified the aforementioned acts against them by Defendants.

39.     Defendants would not have committed the aforementioned acts against Plaintiffs, but for the facts that Plaintiffs were the parents of Max Liebetrau and that Max Liebetrau was an individual with a disability, as heretofore described.

40.     The aforementioned acts against Plaintiffs by Defendants were adverse employment actions against Plaintiffs.

41.     On April 17, 2023, Defendant Ward instructed Plaintiffs to "keep a low profile."

42.     On April 17, 2023, without consultation with Plaintiffs, Defendant Riggs, in collaboration with Defendants Cant and Ward, caused the cancellation of Plaintiffs' classes until further notice

43.     On April 17, 2023, without consultation with Plaintiffs, Defendant Cant, in collaboration with Defendants Riggs and Ward, announced Defendants' collaborative decision to cancel the performance of *Lord of the Flies.*

44.     On April 18, 2023, Defendant Ward reiterated to Plaintiffs that they were prohibited from speaking to students.

45.     On April 22, 2023, Plaintiffs were informed that they could return to campus and resume their former duties, except that Defendants had informed students of the University, including, but not limited to, those who were students of Plaintiffs and/or students of the Division of Performing Arts and/or students who participate in the theatrical productions, that they were permitted to exercise an option not be engaged with either Plaintiff.

46.     The option given by the Defendants to the students of the University to forego engagement with the Plaintiffs continues to be in place to the present date.

47.     Any feeling of ill will, antagonism, fear and/or hysteria manifested by any students of the University toward Plaintiffs was the result of the actions of Defendants on account of Plaintiff's association and familial relationship with their son, Max Liebetrau, known to have a disability.

48.     The actions taken by Defendants as described herein were willful, deliberate, intentional, reckless, outrageous and performed with an extreme indifference to the rights of Plaintiffs.

49.     On account of Defendants' unlawful conduct as aforesaid, Plaintiffs have suffered severe emotional distress, trauma, humiliation, personal indignity, emotional pain, shame, embarrassment and anxiety, damage to personal and professional status and reputation, and other compensatory and consequential damage.

## VII.    CAUSES OF ACTION

### COUNT I
### Americans with Disabilities Act
### 42 USC Sec. 12112(b)(4) *et seq.*

### Plaintiffs v. Defendant Wilkes University

50.     Paragraphs 1 through 49 of this Complaint are incorporated herein by reference as though set forth in full.

51.     Defendant Wilkes excluded and denied Plaintiffs equal jobs and benefits by prohibiting them from being on campus, by barring them from speaking with students, by cancelling their classes and their student performances, by allowing students to forbear from engaging with them, and by the other acts and omissions stated herein, all account of their association with Max Liebetrau, due to his disability.

52.     The unlawful employment practices hereinbefore stated were intentional and discriminatory towards Plaintiffs on account of disability on a continuing basis, and constitute violations of the Americans with Disabilities Act, 42 U.S.C. §12112(b)(4) *et seq.*

53.     Plaintiffs have suffered damages in the form of loss of exclusion from work, being barred from collegial relations with their students, being characterized as constituting a danger to the community, loss of reputation, emotional distress, and other compensatory and consequential damages.

54.     The actions taken by Defendants as described herein were willful, deliberate, intentional, outrageous and performed with an extreme indifference to the rights of Plaintiffs such as an award of punitive damages is warranted.

WHEREFORE, Plaintiffs demand judgment and pray:

a.      that this Court declare that the practices described herein are discriminatory and in violation of the Americans with Disabilities Act, 42 U.S.C. §12101 *et seq.*;

b.      that this Court enter an injunction prohibiting discrimination against employees on the basis of association with a disabled person

c.      that this Court order on behalf  of the Plaintiffs, a money judgment for compensatory damages suffered by Plaintiffs;

d.      that this Court order the payment of compensatory damages;

e.      that this Court order the payment of punitive damages;

f.       that this Court oreder such equitable relief as to ensure that such conduct as

done herein by Defendants herein will not be repeated to the harm of others similarly situated hereafter;

      f.      that this Court order the payment of reasonable attorney fees and costs;

      g.      that this Court retain jurisdiction over this action to ensure full compliance with the orders of this court and with applicable laws that require the filing of such reports as this Court deems necessary to evaluate such compliance; and

      h.      that this Court order such other and further relief as may be just and equitable.

**COUNT II**
**Pennsylvania Human Relations Act**
**43 PS Sec. 955 (a) and (e)**

**Plaintiffs v. All Defendants**

55.      Paragraphs 1 through 54 of this Complaint are incorporated herein by reference as though set forth in full.

56.      Defendants excluded and denied Plaintiffs equal jobs and benefits by prohibiting them from being on campus, by barring them from speaking with students, by cancelling their classes and their student performances, by allowing students to forbear from engaging with them, and by the other acts and omissions stated herein, all account of their association with Max Liebetrau, due to his disability.

57.    The unlawful employment practices hereinbefore stated were intentional and discriminatory towards Plaintiffs on account of disability on a continuing basis, and constitute violations of the Pennsylvania Human Relations Act, 43 P.S. §§ 955 *et seq.*

58.    Plaintiffs have suffered damages in the form of loss of exclusion from work, being barred from collegial relations with their students, being characterized as constituting a danger to the community, loss of reputation, emotional distress, and other compensatory and consequential damages.

59.    The unlawful employment practices hereinbefore stated were intentional and discriminatory towards Plaintiff on account of disability on a continuing basis and constitute violations of the Pennsylvania Human Relations Act*., 43 P.S. §§955 *et seq.*

60.    Defendants Cant, Ward and Riggs did aid, abet, incite, compel and/or coerce the doing of the acts herein described, as declared by Pennsylvania Human Relations Act to be unlawful discriminatory practices.

61.    Plaintiffs have suffered damages in the form of loss of exclusion from work, being barred from collegial relations with their students, being characterized as constituting a danger to the community, loss of reputation, emotional distress, and other compensatory and consequential damages.

WHEREFORE, Plaintiff demands judgment and prays:

a.  that this Court declare that the practices described herein are discriminatory and in violation of the PHRA.;

b.  that this Court enter an injunction prohibiting discrimination against employees on the basis of association with a disabled person

c.  that this Court  enter on behalf  of the Plaintiffs, a money judgment for compensatory damages suffered by Plaintiffs;

d.  that this Court order the payment of compensatory damages;

e.  that this Court order such equitable relief as to ensure that such conduct as done herein by Defendants herein will not be repeated to the harm of others similarly situated hereafter;

f.   that this Court order the payment of reasonable attorney fees and costs;

g.  that this Court retain jurisdiction over this action to ensure full compliance with the orders of this court and with applicable laws that require the filing of such reports as this Court deems necessary to evaluate such compliance; and

h.  that this Court order such other and further relief as may be just and equitable.

RESPECTFULLY SUBMITTED:

By:    /s/ Kimberly D. Borland
KIMBERLY D. BORLAND, ESQUIRE
11th Floor, 69 Public Square
Wilkes-Barre, PA 18701
(570) 822-3311
Attorney ID.#23673
kborland@borlandandborland.com
Attorney for Plaintiff

# V E R I F I C A T I O N

I, LISA LIEBETRAU, verify that the averments made in the foregoing Complaint are true and correct.   I understand that false statements herein are made subject to the penalties of 18 Pa.C.S.A. §4904, relating to unsworn falsification to authorities.

LISA LIEBETRAU

Date:  4/14/25

## V E R I F I C A T I O N

I, JON LIEBETRAU, verify that the averments made in the foregoing Complaint are true and correct.   I understand that false statements herein are made subject to the penalties of 18 Pa.C.S.A, §4904, relating to unsworn falsification to authorities.

Date: 4/15/2025

JON LIEBETRAU